NO. 07-10-00516-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JANUARY 5, 2011
--------------------------------------------------------------------------------

 
 IN RE CLARENCE L. CERF, RELATOR
--------------------------------------------------------------------------------

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Relator, Clarence L. Cerf, has filed an "Application for a Motion for a Writ of Mandamus" requesting this Court to order the district clerk and court reporter to provide him a free copy of the appellate record. We deny the petition.
Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Cerf has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Cerf does not identify any of the parties against whom he seeks mandamus relief. In fact, the only identification of what this petition relates to is the identification of the pending criminal appellate cause number and the underlying trial court cause number. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Cerf's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Cerfs petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Cerfs petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Cerf's petition simply indicates that he is filing his petition "pursuant to the jurisdiction of this Court pursuant to the [Texas Rules of Appellate Procedure]." Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Cerf's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Cerf's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Cerf's argument is reasonably clear and concise. However, the petition includes no citations to legal authority. Rule 52.3(j) requires the person filing the petition to certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Cerf did not certify his petition. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Cerf has not included an appendix to his petition. As each of these items are required in a petition for writ of mandamus and Cerf has failed to comply with these requirements, we may not grant the relief that he requests.
We do note, however, that this Court abated and remanded Cerf's pending criminal appeal to the trial court for further proceedings. One of the issues to be addressed by the trial court on remand is Cerf's entitlement to a free appellate record. Thus, even if Cerf's petition complied with the requirements for a petition for writ of mandamus, it would appear to have been prematurely filed.
As Cerfs petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

 Mackey K. Hancock
 Justice